IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL J. STONE, Sr.,                  :

    Plaintiff,                       :

v.                                      :           CA 11-00517-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,        :

    Defendant.                       :

**MEMORANDUM OPINION AND ORDER**

The plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Doc. 18 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 19, order referring case.) Upon consideration of the administrative record ("R.") (Doc. 12), the plaintiff's brief (Doc. 13), the Commissioner's brief (Doc. 16), and the parties' presentations during oral argument on June 20, 2012, it is determined that the Commissioner's decision denying the plaintiff benefits should be **reversed and remanded** for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 15 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for

## Procedural Background

On October 22, 2008, the plaintiff filed an application for DIB and SSI (R. 97-109), alleging disability beginning November 30, 2007.  His application was initially denied on March 18, 2009.  (*See* R. 48-49.)  A hearing was then conducted before an Administrative Law Judge on April 28, 2010 (*see* R. 31-47).  On May 19, 2010, the ALJ issued a decision finding that the claimant was not disabled (R. 13-30), and the plaintiff sought review from the Appeals Council (*see* R. 7-12).  The Appeals Council issued its decision declining to review the ALJ's determination on August 5, 2011 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on September 9, 2011 (*see* Doc. 1).

## Standard of Review and Claim on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history.  *Id.*  Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.  *Sryock v. Heckler*, 764 F.2d

---

this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

> On appeal to this Court, the plaintiff asserts a single claim: that the ALJ
>
> committed reversible error in adopting the conclusions of a non-acceptable state agency non-medical source, under Social Security Regulations 20 CFR §§ 404.1513, 404.1527(d), 416.913 and 416.927(d), to provide substantial evidence establishing a maximum residual functional capacity for less than a full range of light work, therefore finding Plaintiff can perform jobs that exist in significant numbers in the national economy[.]

(Doc. 13 (citing R. 20-24).)

**Discussion**

The ALJ determined that, except for certain additional restrictions, set forth in the RFC assessment, the plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[.]" (R. 20.) In making this determination, the ALJ relied on a "Physical Residual Functional Capacity Assessment" (R. 273-280), dated March 18, 2009, rendered by Single Decision Maker ("SDM") Sheila Brody (*see* R. 280 (identifying Brody as an SDM)).[2] As to his reliance on the opinion of Ms. Brody (referred to below as the State agency medical examiner), the ALJ's decision specifically provides:

> On March 18, 2009, the State agency medical examiner opined that the claimant can lift up to twenty pounds occasionally and ten pounds frequently (Exhibit B8F, page 2). She opined that the claimant can stand or walk for six hours in an eight hour work day and can sit for six hours in an eight hour work day (Exhibit B8, page 2). She opined that the claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl (Exhibit B8F, page 3). ***The opinion of the State agency medical examiner was given great weight*** because it is consistent with the longitudinal medical evidence of record in that the only restriction found within the evidence limits the claimant to light duty (All Exhibits). Moreover, the State agency examiner's restrictions are consistent with some of the claimant's reports of his activities of daily living.

(R. 22; *see also* Doc. 13 at 4-5 (emphasis added).)

The Commissioner concedes that "Ms. Brody is not a medical source and her conclusions were not entitled to *any* weight" (Doc. 16 at 5 (citing 20 C.F.R. § 404.906)

---

[2] The Commissioner, through his brief, informs the Court that the Administration "is testing several disability process initiatives to improve the disability determination process" and that "Alabama is one of the test states for the [SDM] model," under which "an SDM makes a disability determination at the initial determination stage after consulting with medical or psychological experts." (Doc. 16 at 5 n.4 (citations omitted).) *See also* 20 C.F.R. § 404.906(a), (b)(2).

(emphasis added), [3] but contends that, "to any extent that the ALJ relied upon Ms. Brody's assessment, any error was harmless because the ALJ articulated several other factors which independently supported his findings" (*id.* at 6). The plaintiff's position, on the other hand, appears to be that any reliance by the ALJ on Ms. Brody's opinion mandates remand. (*See* Doc. 13 at 5 ("The [ALJ] committed reversible error in adopting the conclusions of a non-acceptable state agency source under [SSR] 20 CFR §§ 416.913[] and 416.927(d) to provide substantial evidence to support a finding that Plaintiff is not disabled.").)

As more fully discussed below, the Court agrees with the Commissioner in principle. If the ALJ's RFC is *otherwise supported by substantial evidence*, any reliance on a source entitled to no weight may be harmless error, and, if so, the Court will affirm the Commissioner's decision. But the Court must first, necessarily, consider the standard for evaluating whether an ALJ's RFC assessment is supported by substantial evidence, which is: whether an ALJ's decision—not the Commissioner's appellate brief—provides the necessary linkage between the RFC assessment and

---

[3] The Eleventh Circuit, in an unpublished decision, has recently remarked on SDMs:

> In Florida, [an SDM] is assigned to make the initial disability determination after "appropriate consultation with a medical or psychological consultant." *See* 20 C.F.R. § 404.906(b)(2). But the "SDM" designation connotes no medical credentials. *See id.* § 404.906(a), (b)(2). Indeed, the SSA's Program Operations Manual System ("POMS")[—which "does not have the force of law, [but] can be persuasive[,]" *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003)—]explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that "SDM-completed forms are not opinion evidence at the appeals level." POMS § DI 24510.050, *available at* https:// secure. ssa. gov/ apps 10/ poms. nsf/ lnx/ 0424510050.

*Siverio v. Commissioner of Soc. Sec.*, 461 Fed. App'x 869, 872 n.3 (11th Cir. Feb. 23, 2012) (per curiam).

specific evidence in the record bearing upon the plaintiff's ability to perform the physical, mental, sensory, and other requirements of work.

### A.   The Commissioner's RFC Assessment.

"Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  *Peeler v. Astrue*, 400 Fed. App'x 492, 493 n.2 (11th Cir. Oct. 15, 2010) (per curiam) (citing 20 C.F.R. § 416.945(a)); *see also Hanna v. Astrue*, 395 Fed. App'x 634, 635 (11th Cir. Sept. 9, 2010) (per curiam) ("A claimant's RFC is 'that which [the claimant] is still able to do despite the limitations caused by his . . . impairments.'") (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)).  "In making an RFC determination, the ALJ must consider the record evidence, including evidence of non-severe impairments."  *Hanna*, 395 Fed. App'x at 635 (citation omitted).

The ALJ is responsible for determining a claimant's RFC.  *See, e.g.*, 20 C.F.R. § 416.946(c) ("If your case is at the administrative law judge hearing level under  § 416.1429 or at the Appeals Council review level under § 416.1467, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."); *Hunington ex rel. Hunington v. Astrue*, No. CA 08-0688-WS-C, 2009 WL 2255065, at *4 (S.D. Ala. July 28, 2009) ("Residual functional capacity is a determination made by the ALJ[.]") (order adopting report and recommendation of the undersigned). The regulations provide, moreover, that while a claimant is "responsible for providing the evidence [the ALJ] . . . use[s] to make a[n] [RFC] finding[,]" the ALJ is responsible

for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary," and helping the claimant get medical reports from her own medical sources. 20 C.F.R. § 416.945(a)(3). In assessing RFC, the ALJ must consider any statements about what a claimant can still do "that have been provided by medical sources," as well as "descriptions and observations" of a claimant's limitations from her impairments, "including limitations that result from [] symptoms, such as pain[.]" *Id.* In determining a claimant's RFC, the ALJ, further, considers a claimant's "ability to meet the physical, mental, sensory, or other requirements of work, as described [more fully] in paragraphs (b), (c), and (d) of [§ 416.945]." 20 C.F.R. § 416.945(a)(4).

Against this backdrop, this Court starts with the proposition that an ALJ's RFC determination necessarily must be supported by substantial evidence. *Compare Figgs v. Astrue*, No. 5:10–cv–478–Oc–18TBS, 2011 WL 5357907, at *1-2 (M.D. Fla. Oct. 19, 2011) ("Plaintiff argues that the ALJ's residual functional capacity ('RFC') determination is not supported by substantial evidence. . . . [The] ALJ's RFC Assessment is [s]upported by substantial record evidence[.]"), *report & recommendation approved*, 2011 WL 5358686 (M.D. Fla. Nov. 3, 2011), *and Scott v. Astrue*, No. CV 110–052, 2011 WL 2469832, at *5 (S.D. Ga. May 16, 2011) ("The ALJ's RFC Finding Is Supported by Substantial Evidence[.]"), *report & recommendation adopted*, 2011 WL 2461931 (S.D. Ga. June 17, 2011), *with Green v. Social Sec. Admin.*, 223 Fed. App'x 915, 923-24 (11th Cir. May 2, 2007) (per curiam) ("Green argues that without Dr. Bryant's opinion, there is nothing in the record for the ALJ to base his RFC conclusion that she can perform light work. . . . Once the ALJ determined that no weight could be placed on Dr. Bryant's opinion of [] Green's

7

limitations, the only documentary evidence that remained was the office visit records from Dr. Bryant and Dr. Ross that indicated that she was managing her respiration problems well, that she had controlled her hypertension, and that her pain could be treated with over-the-counter medication. Thus, substantial evidence supports the ALJ's determination that Green could perform light work."). And while, as explained in *Green*, an ALJ's RFC assessment may be supported by substantial evidence even in the absence of an opinion by an examining medical source about a claimant's residual functional capacity, specifically because of the hearing officer's decision to give less than controlling weight to such an opinion,[4] 223 Fed. App'x at 923-24; *see also id.* at 923 ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ."), __*nothing*__ in *Green* can be read as suggesting anything contrary to those courts—including this one—that have staked the position that the ALJ must __*link*__ the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work. *Compare, e.g., Saunders v. Astrue*, Civil Action No. 1:11cv308–WC, 2012 WL 997222, at *5 (M.D. Ala. Mar. 23, 2012) ("It is unclear how the ALJ reached the conclusion that Plaintiff 'can lift

---

[4] An ALJ's articulation of reasons for giving less than controlling weight to a treating source's RFC assessment must, of course, be supported by substantial evidence. *See, e.g., Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per cuiam) ("Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. In this case, therefore, the critical question is whether substantial evidence supports the ALJ's articulated reasons for rejecting Thebaud's RFC.") (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)); *D'Andrea v. Commissioner of Soc. Sec. Admin.*, 389 Fed. App'x 944, 947-48 (11th Cir. July 28, 2010) (per curiam) (same).

and carry up to fifty pounds occasionally and twenty-five pounds frequently' and sit, stand and/or walk for six hours in an eight hour workday, [] when the record does not include an evaluation of Plaintiff's ability to perform work activities such as sitting, standing, walking, lifting, bending, or carrying."), *with* 20 C.F.R. § 416.945(b), (c) & (d).

Indeed, the Eleventh Circuit appears to agree that such linkage is necessary for federal courts to conduct a meaningful review of an ALJ's decision. For example, in *Hanna*, the panel noted that

> [t]he ALJ determined that Hanna had the RFC to perform a full range of work at all exertional levels but that he was limited to 'occasional hand and finger movements, overhead reaching, and occasional gross and fine manipulation.' In making this determination, the ALJ relied, in part, on the testimony of the ME. . . .
>
> The ALJ's RFC assessment, as it was based on the ME's testimony, is problematic for many reasons. . . . [G]iven that the ME opined only that Hanna's manipulation limitations were task-based without specifying how often he could perform such tasks, it is unclear how the ALJ concluded that Hanna could occasionally engage in all forms of hand and finger movements, gross manipulation, and fine manipulation. . . .
>
> The ALJ also agreed with the VE's testimony that, under the RFC determination, Hanna could return to his past work. ***But this conclusion is not clear from the record.*** The VE answered many hypothetical questions and initially interpreted the ME's assessment to mean that Hanna's gross manipulation abilities were unlimited and so, with only a restriction to fine manipulation, he could perform his past relevant work. In a separate hypothetical, the VE stated that a claimant could not return to his past work as a packaging supervisor if restricted to occasional fingering, handling, and gross and fine manipulation. The ALJ also did not include the ME's steadiness restriction in the RFC assessment; and the VE testified that a person restricted to handling that required steadiness would not be able to return to Hanna's past work. ***The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.*** The ALJ has not done so here. To the extent the ALJ based Hanna's RFC assessment on hearing testimony by the ME and VE, the assessment is inconsistent with the evidence. The ALJ did not explicitly reject any of either the ME's or VE's testimony or otherwise explain these inconsistencies, the resolution of which was material to whether Hanna could perform his past relevant work. ***Absent such***

9

> *explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review Hanna's case."*

395 Fed. App'x at 635-36 (emphasis added and internal citations and footnotes omitted); *see also Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) ("'The existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a ***sufficient rationale to link such evidence to the legal conclusions reached***.' Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision.") (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)) (emphasis added); *cf. Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (citation omitted); *Dixon v. Astrue*, 312 Fed. App'x 226, 229 (11th Cir. Fed. 13, 2009) (per curiam) (after noting,"'[w]hile we may not supply a reasoned basis for [an] agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned[,]'" vacating a district court's decision to affirm the ALJ where "the ALJ's path [was] not reasonably discernible") (quoting *Zahnd v. Secretary, Dep't of Agric.*, 479 F.3d 767, 773 (11th Cir. 2007)).

Such linkage, moreover, may not be manufactured speculatively by the Commissioner on appeal—using, for example, "the record as a whole" or pointing the Court to record evidence not mentioned in the ALJ's decision—but rather, must be

10

clearly set forth in the ALJ's decision. *See, e.g., Durham v. Astrue*, Civil Action No. 3:08CV839-SRW, 2010 WL 3825617, at *3 (M.D. Ala. Sep. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'") (quoting *Hanna*, 395 Fed. App'x at 636 (internal quotation marks omitted)); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ *could have* relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct.") (emphasis in original).

      B.     <u>Analysis.</u>

The ALJ's decision makes it clear that he relied on Ms. Brody's physical RFC (*see* R. 22 (assigning it "great weight")); the decision to assign it "great weight" coupled with the fact that the ALJ misidentifies Ms. Brody as "the State agency medical examiner" (*id.*), moreover, makes it clear that the findings in the physical RFC assessment were at least central to the ALJ's determination as to the plaintiff's ability to perform the physical requirements of work. Thus, the Court must now examine the

remaining evidence of record—pertaining to the plaintiff's ability to perform the physical requirements of work—the ALJ lists in his RFC determination, and determine, once the SDM's physical RFC assessment is excluded, whether the RFC is supported by substantial evidence. *See Siverio v. Commissioner of Soc. Sec.*, 461 Fed. App'x 869, 871-72 (11th Cir. Feb. 23, 2012) (per curiam).

In *Siverio*, it was "undisputed that the ALJ erroneously relied on the RFC assessment of Zuleika Martin as a medical opinion, even though Martin was a 'single decision maker' with no apparent medical credential" and, as such, "was not an acceptable medical source. Nonetheless, the ALJ mistakenly treated Martin's opinion that Siverio could perform medium work as the 'expert opinion' of a 'DDS physician [ ],' 'State Agency physician[ ],' and 'DDS medical consultant[ ].'" *Id.* There, the Eleventh Circuit reversed and remanded the district court's decision to affirm the Commissioner:

> This was not a harmless error. The ALJ's opinion shows not only that the ALJ labored under the mistaken belief that Martin's RFC assessment had been authored by a physician, but also that he gave Martin's RFC assessment "significant weight." The remaining record evidence does not provide substantial evidence for the finding that Siverio was capable of performing medium work. Other than Martin's opinion, which the ALJ erroneously relied upon as a medical opinion, there is nothing in the record that could have reasonably led the ALJ to conclude that Siverio could occasionally lift fifty pounds and frequently lift twenty-five pounds, and thus perform medium work. Thus, it appears it was primarily on the basis of Martin's RFC assessment that the ALJ concluded that Siverio could perform medium work. Because substantial evidence does not support this finding, we reverse and remand for reconsideration of Siverio's RFC.

*Id.* at 872; *compare id.*, *with Carter v. Astrue*, Civil Action No. 3:11CV508–SRW, 2012 WL 2135471, at *4 (M.D. Ala. June 13, 2012) (finding harmless error where an ALJ relied on a state agency RFC assessment he "acknowledge[d] . . . is that of a single

decision-maker," and to which the ALJ assigned "'little weight' to the extent that it differ[ed] from his own conclusions[,]" instead choosing to "assign[] 'greater weight to the treating and examining physician[s'] reports," because "the ALJ's express reasoning does not suggest that he 'essentially adopted the State Agency RFC") (citing *Siverio*); *see also Stewart v. Astrue*, Civil Action No. 11–1338, 2012 WL 1969318, at *4-6 (E.D. Pa. May 31, 2012) ("Even if there were a concern that the ALJ labored under the mistaken belief that the Physical RFC form at Exhibit 10F had been authored by a physician[, rather than a DDS disability adjudicator], the error would be harmless in light of the remaining record evidence providing substantial evidence for the finding that Stewart was capable of performing work at the light exertional level.") (citing *Siverio*).

> Here, like *Siverio*, once the SDM's RFC assessment is excluded,
>
> [t]he remaining record evidence does not provide substantial evidence for the finding that [the plaintiff] was capable of performing [light] work. Other than [Brody's] opinion, which the ALJ erroneously relied upon . . . , there is nothing in the record that could have reasonably led the ALJ to conclude that [the plaintiff] could . . . perform [light] work. Thus, it appears it was primarily on the basis of [Brody's] RFC assessment that the ALJ concluded that Siverio could perform [light] work.

*Id.* at 872

Regarding the plaintiff's ability to perform the physical requirements of work, the ALJ's decision cites evidence to show that the plaintiff (1) received conservative treatment for an on-the-job injury he suffered in March, 2008 (*see* R. 21); (2) uses a non-prescribed cane (*see id.*); gave testimony inconsistent with VA medical records regarding falling and/or his ability to "ambulate[] without difficulty" (*see id.*); (3) was diagnosed with diabetes mellitus, hepatitis C, and low back pain in March, 2009 (*see id.*); and (4) "has been non-compliant with the treatment regimens prescribed for his

diabetes mellitus and hepatitis C impairments" (*see id.* at 21-22). The ALJ also notes that neither Dr. Kidd, during her consultative examination of the plaintiff, nor Dr. Cibley, with the VA, gave "an opinion as to the ability of the claimant to perform work activity." (R. 21-22; *see also* R. 22 ("[N]o treating physician has opined that the claimant cannot perform light work.").)

This evidence, standing alone, cannot substantiate the ALJ's determination that the plaintiff retains the physical ability to perform light work. *See, e.g., Saunders*, 2012 WL 997222, at *5 (concluding that, where the record does not include an evaluation of the plaintiff's ability to perform the physical requirements of work, "[i]t is unclear how the ALJ reached the conclusion that Plaintiff 'can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently' and sit, stand and/or walk for six hours in an eight hour workday"); *cf. Dunham v. Astrue*, No. 1:09CV 53 SNLJ(LMB), 2010 WL 2553878 (E.D. Mo. May 6, 2010) ("There is no opinion from any physician, treating or consulting, regarding plaintiff's **ability to function in the workplace** with his combination of impairments. As such, there is no medical evidence in the record suggesting that plaintiff can, or cannot, perform light work.") (emphasis added), *report & recommendation adopted*, 2010 WL 2553882 (E.D. Mo. June 23, 2010). And no evidence relied on by the ALJ, other than the erroneously-relied-on physical RFC assessment by the SDM—in which, as the ALJ notes, the SDM "opined that the claimant can lift up to twenty pounds occasionally and ten pounds frequently" and "that the claimant can stand or walk for six hours in an eight hour work day and can sit for six hours in an eight hour work day" (R. 22)—"could have reasonably led the ALJ to conclude that [the plaintiff] could . . . perform [light] work." *Siverio*, 461 Fed. App'x at 872. As in

*Siverio*, "it appears it was primarily on the basis of [the SDM's] RFC assessment that the ALJ concluded that [the plaintiff] could perform [light] work." *Id.*

Thus, having determined that the ALJ has failed to provide the necessary linkage between the RFC assessment and specific evidence in the record bearing upon the plaintiff's ability to perform, at least, the physical requirements of work, remand is necessary. That is because, consistent with the standard set forth above and longstanding precedent, it is not for this Court to determine whether other record evidence not mentioned in the ALJ's decision, and thus not "linked" to his RFC determination, can support his finding that the plaintiff can perform light work.

> This court's review is limited to determining whether the ALJ's decision is based upon substantial evidence and whether the ALJ properly applied the law. The process of reevaluating [the record evidence that may be considered to determine whether it supports a particular RFC] is not a matter for this court to determine but rather a determination to be made by the ALJ as fact finder.

*McCandless v. Astrue*, No. 1:10–cv–209–MP–GRJ, 2011 WL 7070528, at *10 (N.D. Fla. Dec. 20, 2011), *report & recommendation adopted*, 2012 WL 174828 (N.D. Fla. Jan 20, 2012); *see also id.* (noting "[t]his approach is consistent with the Supreme Court's observation in *INS v. Ventura* that a court reviewing the decision of an administrative agency may not "'conduct a *de novo* inquiry into the matter being reviewed and reach its own conclusions based on such an inquiry'" but that "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation[]'") (quoting 537 U.S. 12, 16 (2002) (quoting, *in turn*, *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) and *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947))).

**Conclusion**

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying the plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 10th day of August, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**